# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND DELEON, RICHARD MILLER, and RUEBEN ROBERTS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>POWERS, WARDEN, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-CV-00788-AWI-SMS-P<br><br>ORDER DENYING MOTION FOR REASSIGNMENT OF ACTION TO JUDGE HENDERSON<br><br>(Doc. 7)<br><br>ORDER SEVERING CLAIMS OF PLAINTIFFS AND DIRECTING CLERK OF THE COURT TO OPEN NEW ACTIONS FOR PLAINTIFFS MILLER AND ROBERTS<br><br>(Doc. 1)<br><br>ORDER REQUIRING PLAINTIFFS MILLER AND ROBERTS TO FILE AMENDED COMPLAINTS, AND REQUIRING PLAINTIFFS DELEON, MILLER, AND ROBERTS TO PAY FILING FEES OR FILE APPLICATIONS TO PROCEED IN FORMA PAUPERIS |

I.　　Order

　　A.　　Reassignment of Action

Plaintiff Roland Deleon, Richard Miller, and Rueben Roberts are state prisoners proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs filed the complaint in this action on May 16, 2005. On July 11, 2005, plaintiffs filed a motion seeking the reassignment of this action to United States District Court Judge Thelton E. Henderson.

///

1

Plaintiffs' claims arose at Avenal State Prison, which is in Kings County. Venue for plaintiffs' claims in proper in the Eastern District of California. Judge Henderson is a judge with the Northern District of California. Further, although there are circumstances in which the reassignment of an action to a particular judge may be proper (e.g., consolidation of actions, etc.), the personal preference of the parties is never such a reason and cannot be accommodated. See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (judge-shopping an abuse of judicial process). Plaintiffs' motion must therefore be denied.

B. Severance of Claims

After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, all three plaintiffs are in the custody of the California Department of Corrections. In this court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all three plaintiffs will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff Deleon will proceed in this action, while plaintiffs Miller and Roberts will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

///

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of plaintiffs Deleon, Miller and Roberts will be severed, plaintiffs Miller and Roberts shall be given thirty days to file, in his own action, an amended complaint. In addition, plaintiffs Deleon, Miller, and Roberts shall each either pay the $250.00 filing fees in full or file completed applications for leave to proceed in forma pauperis, using the forms provided by the court with this order.[1]

C.  Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' motion for reassignment of this action to Judge Henderson, filed July 11, 2005, is DENIED;

2. Plaintiff Deleon shall proceed as the sole plaintiff in case number 01:05-CV-00788-AWI-SMS-P;

3. The claims of plaintiffs Miller and Roberts are severed from the claims of plaintiff Deleon;

4. The Clerk of the Court is directed to:
   a. Open two separate civil actions for plaintiffs Miller and Roberts;
   b. Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
   c. File and docket a copy of this order in the new actions opened for plaintiffs Miller and Roberts;
   d. Place a copy of the complaint filed on May 16, 2005 in the instant action in the new actions opened for plaintiffs Miller and Roberts;

///

---

[1] At this juncture, no plaintiff has filed an application to proceed in forma pauperis or paid the $250.00 filing fee in full.

   e. Send plaintiffs Miller and Roberts each an endorsed copy of the complaint, filed May 16, 2005, bearing the case number assigned to his own individual action;

   f. Send plaintiffs Miller and Roberts each a civil rights complaint form; and

   g. Send plaintiffs Deleon, Miller, and Roberts each an application to proceed in forma pauperis by a prisoner;

5. Within **thirty (30) days** from the date of service of this order, plaintiffs Miller and Roberts shall each file an amended complaint bearing his new case number;

6. Within **thirty (30) days** from the date of service of this order, plaintiffs Deleon, Miller, and Roberts shall each, for his own individual case, either pay the filing fee in full or submit a completed application to proceed in forma pauperis; and

7. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:** **August 1, 2005**      /s/ Sandra M. Snyder
icido3             UNITED STATES MAGISTRATE JUDGE