UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MILLER, | CV F   05-989 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION |
| POWERS, et. al., | |
| Defendants. | |

Richard Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff, along with two other inmates, filed a civil rights action on May 16, 2005.  However, the Court severed the action on August 3, 2005, requiring each plaintiff to proceed individually in a civil rights action.  The Court Order also required the Plaintiff to submit an Amended Complaint by September 6, 2005, as there is no complaint in his action on which to proceed.  To date, however, Plaintiff has filed no Amended Complaint Application to Proceed In Forma Pauperis in compliance with the Court Order or made any other attempt to contact the Court.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

1

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May of 2005.  The Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424.  The Court's order dated August 3, 2005, expressly stated that Plaintiff's failure to comply with the Court's order might result in a Recommendation that the action be dismissed. Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's Order.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

1  Plaintiff's failure to prosecute and for failing to state a claim upon which relief can be granted.

2  These Findings and Recommendations are submitted to the United States District Court
3  Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-
4  304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.  Within thirty (30) days after being served with a copy, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
8  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
9  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
10  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
11  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
12  F.2d 1153 (9th Cir. 1991).

14  IT IS SO ORDERED.

15  **Dated:   January 19, 2006**                    **/s/ Sandra M. Snyder**
    icido3                                          UNITED STATES MAGISTRATE JUDGE

3